_____ FILED      _____ ENTERED
_____ LODGED _____ RECEIVED

**AUG 07 2015**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                                    DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR15-00263JLR |
| Plaintiff, | **PLEA AGREEMENT** |
| v. | |
| TROY BURNS, | |
| Defendant. | |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Bruce F. Miyake, Assistant United States Attorney for said District, Saeed Mody, Trial Attorney for the Civil Rights Division, TROY BURNS and his attorney, Kyana Givens, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1.      **Waiver of Indictment**.  Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2.      **The Charge**.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charge contained in the Information:  Commission of a Hate Crime, as charged in Count 1, in violation of Title 18, United States Code, Section 249(a)(2).

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering a plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his guilty plea, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3.     **Elements of the Offense**. The elements of the offense, Commission of a Hate Crime, to which Defendant is pleading guilty are as follows:

a.     The defendant willfully attempted to cause bodily injury to another person by use of a dangerous weapon;

b.     The defendant did so because of the actual or perceived sexual orientation of the person; and,

c.     The defendant's conduct affected interstate or foreign commerce.

4.     **The Penalties**. Defendant understands that the statutory penalties applicable to the offense of committing a hate crime, to which he is pleading guilty are as follows: a maximum term of imprisonment of up to ten (10) years, a fine of up to $250,000, a period of supervised release of up to three (3) years, and a special assessment of $100.00.

If a probationary sentence is imposed, the probation period can be for up to five (5) years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictive conditions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

1    Defendant understands that as a part of any sentence, in addition to any term of

2 imprisonment and/or fine that is imposed, the Court may order Defendant to pay

3 restitution to any victim of the offense, as required by law.

4    Defendant agrees that any monetary penalty the Court imposes, including the

5 special assessment, fine, costs, or restitution, is due and payable immediately and further

6 agrees to submit a completed Financial Statement of Debtor form as requested by the

7 United States Attorney's Office.

8    5.    **Rights Waived by Pleading Guilty.** Defendant understands that by

9 pleading guilty, he knowingly and voluntarily waives the following rights:

10        a.    The right to plead not guilty and to persist in a plea of not guilty;

11        b.    The right to a speedy and public trial before a jury of his peers;

12        c.    The right to the effective assistance of counsel at trial, including, if

13              Defendant could not afford an attorney, the right to have the Court

14              appoint one for him;

15        d.    The right to be presumed innocent until guilt has been established

16              beyond a reasonable doubt at trial;

17        e.    The right to confront and cross-examine witnesses against Defendant

18              at trial;

19        f.    The right to compel or subpoena witnesses to appear on his behalf at

20              trial;

21        g.    The right to testify or to remain silent at trial, at which trial such

22              silence could not be used against Defendant; and

23        h.    The right to appeal a finding of guilt or any pretrial rulings.

24    6.    **Ultimate Sentence.** Defendant acknowledges that no one has promised or

25 guaranteed what sentence the Court will impose.

26    7.    **Restitution.** Defendant shall make restitution to J.O., M.W., and D.T. in

27 the amount to be determined at or before the time of sentencing, with credit for any

28 amounts already paid.  Said amount shall be due and payable immediately and shall be

PLEA AGREEMENT / BURNS - 3

1  paid in accordance with a schedule of payments as proposed by the United States

2  Probation Office and ordered by the Court.

3        8.    **Statement of Facts**. The parties agree on the following facts. Defendant

4  admits he is guilty of the charged offense:

5        a.    On January 25, 2015, the defendant, TROY BURNS, was in the area

6  of Capital Hill, Seattle, Washington. He was under the influence of drugs and alcohol
when this incident occurred and Mr. Burns does not remember most of the incident. J.O,

7  M.W., and D.T., all of whom are gay, walked by BURNS.  BURNS did not know these
men prior to encountering them on the street.

8

9        b.    As J.O., M.W., and D.T. passed BURNS he called them "faggots"

10  and pulled out a knife to threaten them. When the men turned around, BURNS again
called them "faggots" and flipped the hood of his sweatshirt over his head. The men saw

11  BURNS raise a knife in a stabbing position and begin to run after them. BURNS
appeared angry and agitated.

12

13        c.    Fearful, J.O., D.T., and M.W. began to run away. As BURNS

14  approached J.O. he yelled "I'll stab you in the head you fat faggot." He came within a
couple of feet of J.O. before M.W. pulled J.O. away from BURNS to avoid being

15  stabbed. BURNS used the knife in an attempt to injure J.O.

16        d.    D.T. ran to two nearby Seattle Police officers. D.T. told them that

17  he and his friends were being attacked. The two officers saw BURNS chasing J.O. and
interrupted the assault. As the officers approached they saw  BURNS put the knife in his

18  pocket

19        e.    The officers arrested BURNS and recovered a Kershaw knife from

20  him. The knife was used by BURNS to attempt to assault the men. The blade is
approximately three inches long. The knife was manufactured outside the State of

21  Washington and therefore travelled in interstate or foreign commerce.

22

23        f.    After BURNS was arrested and put inside the police vehicle, he
remained agitated and yelled "faggot" toward the direction of J.O., M.W., and D.T.

24

25        9.    **United States Sentencing Guidelines**. Defendant understands and

26  acknowledges that the Court must consider the sentencing range calculated under the

27  United States Sentencing Guidelines and possible departures under the Sentencing

28  Guidelines together with the other factors set forth in Title 18, United States Code,

PLEA AGREEMENT / BURNS - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Section 3553(a), including:  (1) the nature and circumstances of the offense; (2) the

2  history and characteristics of the defendant; (3) the need for the sentence to reflect the

3  seriousness of the offense, to promote respect for the law, and to provide just punishment

4  for the offense; (4) the need for the sentence to afford adequate deterrence to criminal

5  conduct; (5) the need for the sentence to protect the public from further crimes of the

6  defendant; (6) the need to provide the defendant with educational and vocational training,

7  medical care, or other correctional treatment in the most effective manner; (7) the kinds

8  of sentences available; (8) the need to provide restitution to victims; and (9) the need to

9  avoid unwarranted sentence disparity among defendants involved in similar conduct who

10  have similar records.  Accordingly, Defendant understands and acknowledges that:

11      a.      The Court will determine applicable Defendant's Sentencing

12  Guidelines range at the time of sentencing;

13      b.      After consideration of the Sentencing Guidelines and the factors in

14  18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the

15  maximum term authorized by law;

16      c.      The Court is not bound by any recommendation regarding the

17  sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

18  range offered by the parties or the United States Probation Department, or by any

19  stipulations or agreements between the parties in this Plea Agreement; and

20      d.      Defendant may not withdraw his guilty plea solely because of the

21  sentence imposed by the Court.

22      10.    **Acceptance of Responsibility.**  At sentencing, *if* the district court

23  concludes Defendant qualifies for a downward adjustment acceptance for acceptance of

24  responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or

25  greater, the United States will make the motion necessary to permit the district court to

26  decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b),

27  because Defendant has assisted the United States by timely notifying the United States of

28

PLEA AGREEMENT / BURNS - 5

1    his intention to plead guilty, thereby permitting the United States to avoid preparing for

2    trial and permitting the Court to allocate its resources efficiently.

3         11.   **Recommendation.**  The United States agrees to recommend a sentence no

4    higher than the low end of the sentencing guideline range as determined by the

5    sentencing court.  Defendant understands that this recommendation is not binding on the

6    Court and the Court may reject the recommendation of the parties and may impose any

7    term of imprisonment up to the statutory maximum penalty authorized by law.

8    Defendant further understands that he cannot withdraw his guilty plea simply because of

9    the sentence imposed by the district court.  Except as otherwise provided in this plea

10   agreement, the parties are free to present arguments are regarding any other aspect of

11   sentencing.

12        12.   **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement,

13   the United States Attorney's Office for the Western District of Washington agrees not to

14   prosecute Defendant for any additional offenses known to it as of the time of this

15   Agreement that are based upon evidence in its possession at this time, and that arise out

16   of the conduct giving rise to this investigation.  In this regard, Defendant recognizes the

17   United States has agreed not to prosecute all of the criminal charges the evidence

18   establishes were committed by Defendant solely because of the promises made by

19   Defendant in this Agreement.  Defendant agrees, however, that for purposes of preparing

20   the Presentence Report, the United States Attorney's Office will provide the United

21   States Probation Office with evidence of all conduct committed by Defendant.

22        Defendant agrees that any charges to be dismissed before or at the time of

23   sentencing were substantially justified in light of the evidence available to the United

24   States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

25   with a basis for any future claims under the "Hyde Amendment," Pub.L. No. 105-119

26   (1997).

27        13.   **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that if

28   Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

PLEA AGREEMENT / BURNS - 6

1  Agreement and Defendant may be prosecuted for all offenses for which the United States

2  has evidence. Defendant agrees not to oppose any steps taken by the United States to

3  nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

4  Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement,

5  Defendant has waived any objection to the re-institution of any charges in the Indictment

6  that were previously dismissed or any additional charges that had not been prosecuted.

7         Defendant further understands that if, after the date of this Agreement, Defendant

8  should engage in illegal conduct, or conduct that violates any conditions of release or the

9  conditions of his confinement, (examples of which include, but are not limited to,

10 obstruction of justice, failure to appear for a court proceeding, criminal conduct while

11 pending sentencing, and false statements to law enforcement agents, the Pretrial Services

12 Officer, Probation Officer, or Court), the United States is free under this Agreement to

13 file additional charges against Defendant or to seek a sentence that takes such conduct

14 into consideration by requesting the Court to apply additional adjustments or

15 enhancements in its Sentencing Guidelines calculations in order to increase the applicable

16 advisory Guidelines range, and/or by seeking an upward departure or variance from the

17 calculated advisory Guidelines range. Under these circumstances, the United States is

18 free to seek such adjustments, enhancements, departures, and/or variances even if

19 otherwise precluded by the terms of the plea agreement.

20        14.    **Waiver of Appellate Rights and Rights to Collateral Attacks.**

21        Defendant agrees that, provided the court imposes a custodial sentence that is

22 within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if

23 greater than the Guidelines range) as determined by the court at the time of sentencing,

24 Defendant waives to the full extent of the law:

25               a.     Any right conferred by Title 18, United States Code, Section 3742,

26 to challenge, on direct appeal, the sentence imposed by the court, including any fine,

27 restitution order, probation or supervised release conditions, or forfeiture order (if

28 applicable); and

PLEA AGREEMENT / BURNS - 7

1       b.      Any right to bring a collateral attack against the conviction and

2  sentence, including any restitution order imposed, except as it may relate to the

3  effectiveness of legal representation; and

4       This waiver does not preclude Defendant from bringing an appropriate motion

5  pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the

6  decisions of the Bureau of Prisons regarding the execution of his sentence.

7       If Defendant breaches this Plea Agreement at any time by appealing or collaterally

8  attacking (except as to effectiveness of legal representation) the conviction or sentence in

9  any way, the United States may prosecute Defendant for any counts, including those with

10  mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

11  Agreement.

12       15.     **Voluntariness of Plea**.  Defendant agrees that he has entered into this Plea

13  Agreement freely and voluntarily and that no threats or promises, other than the promises

14  contained in this Plea Agreement, were made to induce Defendant to enter his plea of

15  guilty.

16       16.     **Statute of Limitations**.  In the event this Agreement is not accepted by the

17  Court for any reason, or Defendant has breached any of the terms of this Plea Agreement,

18  the statute of limitations shall be deemed to have been tolled from the date of the Plea

19  Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea

20  Agreement by the Court; or (2) thirty (30) days following the date on which a breach of

21  the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

22       17.     **Completeness of Agreement**.  The United States and Defendant

23  acknowledge that these terms constitute the entire Plea Agreement between the parties.

24  This Agreement binds only the United States Attorney's Office for the Western District

25  of Washington.  It does not bind any other United States Attorney's Office or any other

26  \\

27  \\

28  \\

PLEA AGREEMENT / BURNS - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  office or agency of the United States, or any state or local prosecutor.

2

3  Dated this 7th day of August , 2015

4

5  TROY BURNS

6  Defendant

7

8  KYANA GIVENS

9  Attorney for Defendant

10

11  TODD GREENBERG

12  Assistant United States Attorney

13

14  BRUCE F. MIYAKE

15  Assistant United States Attorney

16

17

18  SAEED MODY

19  Trial Attorney, Civil Rights Division

20

21

22

23

24

25

26

27

28

PLEA AGREEMENT / BURNS - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970